**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**P. WAYNE WOODARD,**

                Plaintiff,                1:10-cv-753
                                                      (GLS)

        v.

**CSX TRANSPORTATION, INC.,**

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Moody, Strople Law Firm<br>P.O. Box 1138<br>500 Crawford Street<br>Suite 300<br>Portsmouth, VA 23705-1138 | MICHAEL R. DAVIS, ESQ.<br>WILLARD J. MOODY, JR., ESQ. |
| **FOR THE DEFENDANT:**<br>Eckert, Seamans Law Firm<br>10 Bank Street<br>Suite 1061<br>White Plains, NY 10606 | LAWRENCE R. BAILEY, JR., ESQ. |
| Office of Thomas M. Smith<br>845 West End Avenue #11F<br>New York, NY 10025 | THOMAS M. SMITH, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

This Federal Employers' Liability Act[1] matter was commenced by plaintiff P. Wayne Woodard against defendant CSX Transportation, Inc. in June 2010. (Compl., Dkt. No. 1.) Following a jury trial in August 2013, in which the jury returned a verdict in favor of Woodard, (Dkt. No. 136), judgment was entered against CSX in the amount of $546,812, (Dkt. No. 139). Woodard thereafter filed a bill of costs in which he seeks $53,920.05. (Dkt. No. 140.) Pending are CSX's objections to the bill of costs. (Dkt. No. 141.) For the reasons that follow, the Clerk is directed to tax $6,277.01 as costs.

## II. **Legal Standard**

Fed. R. Civ. P. 54(d)(1) authorizes the recovery of costs by a prevailing party "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Recoverable costs are limited to those enumerated in 28 U.S.C. § 1920, which sets out the following taxable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[1] *See* 45 U.S.C. §§ 51-60.

2

> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Whitfield v. Scully*, 241 F.3d 264, 269-70 (2d Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation," thereby placing on the losing party the "burden to show that costs should not be imposed." *Id.* at 270 (quoting *Mercy v. Cnty. of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)). Where a bill of costs is challenged, the reviewing district court exercises discretion and "decide[s] the cost question [it]self." *Id.* at 269 (internal quotation marks and citation omitted).

### III. Discussion

With the exception of the $350 filing fee paid by Woodard to the Clerk upon his commencement of this action, CSX objects to all other

costs. (Dkt. No. 141.) The court notes that CSX's objections are, for the most part, superficial. In any event, each of its arguments are addressed below.

**A.     Fees For Service of Summons and Subpoena**

CSX contends that Woodard has improperly included in this category courthouse parking and a per diem fee for a particular witness. (*Id.* at 1-2.) The only authority offered in support pertains to out-of-Circuit courts that do not permit as taxable costs the fees paid to private process servers. (*Id.* at 2.)

Contrary to that authority, the Second Circuit has articulated that a district court may, in its discretion, shift the cost of private process servers to the non-prevailing party, but limited to the extent that those costs do not surpass that which would have been incurred if the U.S. Marshals Service served process. *See United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996). At the time process was served here, the Marshals fee was $55 per hour for personally served process. *See* 28 C.F.R. § 0.114(a)(3); (Dkt. No. 140, Attach. 2 at 2, 4, 12.)

Here, three witnesses were served by a private process server with subpoenas, and Woodard served the summons and complaint upon CSX.

4

(Dkt. No. 140, Attach. 2 at 2, 4, 12.)  The court taxes costs in the sum of $28 as requested by Woodard for service of process on CSX, and, in its discretion, the court taxes $55 per witness served, for a total of $193.  *See Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 405 (S.D.N.Y. 2004); *Bilezikjian v. Baxter Healthcare Corp.*, No. 92 CIV. 9498, 1999 WL 945522, at *4 (S.D.N.Y. Oct. 18, 1999).

B. **Fees For Printing Transcripts Necessarily Obtained For Use in the Case**

Next, CSX objects to Woodard's inclusion in the bill of costs of $5,283.88 for transcripts necessarily obtained for trial.  (Dkt. No. 141 at 2.)  Without citing any authority, CSX argues that only the costs of depositions taken for use at trial may be taxed, and that only one deposition, that of Robert Coggins, was so used by Woodard in this case.  (*Id.*)  Without any analysis, but with some supporting legal authority, CSX also asserts that deposition transcripts for the convenience of counsel cannot be taxed as costs, only the cost of the original transcript and one copy can be taxed, and postage and handling charges are not recoverable.  (*Id.*)

As to CSX's first contention, that only the costs associated with depositions used at trial are taxable, § 1920(2) is not necessarily so limited

5

in scope. Indeed, "[f]ees for printed or electronically recorded transcripts necessarily obtained for *use in the case*" are taxable. 28 U.S.C. § 1920(2) (emphasis added). Turning to the second issue raised, the authority provided by CSX—*Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008)—does not support the proposition that transcripts obtained for counsel's convenience are not taxable. Indeed, insofar as *Sacco* commented on the convenience of counsel, that discussion pertained to the taxation of "'daily transcripts'" of trial. *Id.* (quoting *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973)). In any event, the court finds that the fees for transcripts obtained by Woodard here were necessarily obtained for his use in this case. *See Cleveland v. N. Am. Van Lines, Inc.*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994) (finding that depositions "properly taken within the bounds of discovery [are] necessarily obtained for use in the case").

Postage and handling charges are not mentioned anywhere in § 1920, and those costs should be disallowed. *See id.* Finally, it is unclear how CSX's argument that only the cost of the original deposition transcript and one copy may be taxed applies to this case. Indeed, CSX cites to nothing in Woodard's supporting documentation of costs that suggests he

6

is seeking something more. The court's review of Woodard's records does not reveal any impermissible taxation of such costs either.

In light of the foregoing, the court taxes $5,162.73, which reflects a reduction of $121.15 for postage and handling costs. (Dkt. No. 140, Attach. 3 at 3, 7, 11, 17, 23.)

## C. Fees For Printing

CSX argues here that it is unable, given the absence of details explaining the costs, to ascertain whether Woodard's request for $9,548.60 in printing fees is reasonable. (Dkt. No. 141 at 2-3.) The court agrees.

While § 1920(3) permits taxation of "[f]ees and disbursements for printing," the burden of establishing the reasonableness of each charge rests with the prevailing party, *see Rotella v. Bd. of Educ. of City of N.Y.*, No. CV 01-0434, 2002 WL 59106, at *5 (E.D.N.Y. Jan. 17, 2002). Given the absence of any explanation whatsoever for the charges, particularly in the face of CSX's objections, the court disallows them in their entirety.[2]

---

[2] Notably, the bill of costs contains a declaration "that the . . . costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (Dkt. No. 140 at 1.) This declaration does not, however, indicate that the costs are reasonable.

**D. Fees For Witnesses**

Next, CSX asserts that Woodard's request for $11,343.83 in witness fees erroneously includes expert witness fees for experts not appointed by the court, and "seem[s] to include costs such as the cost of private process servers, parking, lunch, and prep time for experts." (Dkt. No. 141 at 3.) The court agrees that a reduction is warranted as explained below.

Section 1920(6) is explicit that only "[c]ompensation of court appointed experts" is permissible. However, the statute also provides for fees and disbursements for witnesses. *See* 28 U.S.C. § 1920(3). Courts have routinely limited costs related to non-court appointed experts to the amount such expert would receive if an ordinary fact witness. *See Gallagher v. IBEW Local Union No. 43*, No. 5:00 CV 1161, 2008 WL 5191691, at *2 (N.D.N.Y. Dec. 10, 2008); *N. Am. Van Lines, Inc.*, 154 F.R.D. at 38. As relevant here, reimbursement in such a case is limited to a $40 per day witness attendance fee, taxicab fares, parking fees if a valid parking receipt is presented, and lodging and subsistence expenses capped at $104 and $61, respectively, for the 2013 fiscal year. *See* 28 U.S.C. § 1821(b), (c)(3)-(4), (d)(1)-(2); U.S. General Services Administration, Per Diem Rates Look-Up,

8

http://www.gsa.gov/portal/category/100120 (set "Find Rates for:" tab to "2013"; then click map on New York).

Sorting through Woodard's itemization and documentation, he seeks costs with respect to the following witnesses: Coggins, William Phillips, Dr. George Zanaros, Gary Mallen, and John Burke. (Dkt. No. 140, Attach. 5.) Beginning with Coggins, Woodard seeks $165 as a witness fee. (Dkt. No. 140, Attach. 5 at 2.) There is absolutely no evidence, however, that Coggins incurred any expense for travel or subsistence. Accordingly, the only cost taxed with respect to Coggins is $40 for his appearance at trial. Woodard's request with respect to Phillips is also overstated. (*Id.* at 9-11.) Notably, Phillips lives in the Capital District, and no evidence has been submitted to suggest that he had any expenses related to his appearance at trial. As such, $40 in costs are taxed as an attendance fee. Woodard seeks $6,500 in costs for Dr. Zanaros' videotaped testimony, (*id.* at 14-15); however, none of the unexplained expenses are taxable. Indeed, not even a $40 attendance fee is appropriate because Dr. Zanaros did not appear at trial.

Turning to Mallen and Burke, both of whom testified as experts, their expenses may be taxed, but only as those of any other witness. The

9

itemization regarding Mallen lists the following taxable costs: taxicab fare, shuttle service to his hotel from the airport and the return trip, and lunch. (*Id.* at 13.) The sum of those costs is $149.87, and they are taxed, along with a $40 appearance fee, for a total of $189.87. (*Id.*) A similar analysis applies to Burke. Woodard may not tax costs for the fee charged by Burke for providing testimony at trial, (*id.* at 16-17), but he may tax costs for meals, lodging capped at $104, and taxicab fare,[3] (*id.* at 19). The costs taxed as to Burke are $40 for his appearance at trial and an additional $164, for a total of $204.

In sum, the court taxes $473.87 as fees for witnesses.

## E. Fees For Copies of Materials Used in the Case

CSX argues that, as with printing costs, Woodard has not sufficiently demonstrated the reasonableness of his request for $7,501.93. (Dkt. No. 141 at 3-4.) CSX concedes, however, that copying costs of exhibits admitted into evidence at trial are permissible costs. (*Id.* at 3.)

By stipulation of the parties, exhibits P-a through P-s were admitted

---

[3] A $7.00 expense for parking is disallowed because no "valid parking receipt" has been presented to the court. (Dkt. No. 140, Attach. 5 at 19); *see* 28 U.S.C. § 1821(c)(3).

into evidence during the trial. These exhibits consisted of x-ray films from Dr. Zanaros. While it is not perfectly clear that those exhibits are the same exhibits used by Dr. Zanaros during his videotaped deposition, it is reasonable to tax $97.41 in costs, which reflects the amount sought by Woodard for "Trial Exhibits," including "positives of xrays used in Dr. Zanaros video [and] at trial." (Dkt. No. 140, Attach. 6 at 6.) Woodard has failed to demonstrate that the remaining copying costs are reasonable, or provide any explanation for them. Accordingly, $97.41 is taxed as copying costs.

F. **Other Costs**

Lastly, CSX claims that Woodard's request for $19,230.81 in "other costs" is merely an attempt to collect impermissible costs for his expert witnesses. (Dkt. No. 141 at 4.) The court agrees. Woodard's itemization of "other costs" reveals that he seeks nearly $20,000 for expert reports, trial preparation of experts, and fees paid to experts. (Dkt. No. 140, Attach. 7 at 2.) As explained above, these costs are not taxable. *See supra* Part III.D. Accordingly, they are disallowed in their entirety.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

11

**ORDERED** that Woodard is awarded costs in the amount of $6,277.01, which represents $350 as fees of the Clerk; $193 as fees for service of summons and subpoena; $5,162.73 as fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $0 as fees and disbursements for printing; $473.87 as fees for witnesses; $97.41 as fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and $0 as other costs; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 26, 2013
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court